IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ENTYCE GROUP, LLC, et al.,** <br><br> Plaintiffs, <br> v. <br><br> **MOON DANCE 2009, LLC, et al.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:09cv548 <br><br> Chief District Judge Tena Campbell <br><br> Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Moon Dance 2009, LLC and Mars Callahan's (collectively, "Defendants") motion to stay discovery.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

Defendants seek a stay of discovery pending Judge Campbell's ruling on their motion for judgment on the pleadings regarding Entyce Group, LLC and Timothy Reynders's (collectively, "Plaintiffs") claims under the Racketeering Influenced and Corrupt Organizations Act

---

[1] *See* docket no. 67.

[2] *See* docket no. 54.

("RICO").³  Defendants contend that should Judge Campbell dismiss the RICO claims, it would likely divest this court of jurisdiction because the RICO claims are the sole basis for subject-matter jurisdiction in this case.

Plaintiffs assert that Defendants have not shown good cause for granting the motion to stay because even if Defendants' motion for judgment on the pleadings is granted, other state law claims remain and discovery will continue.  Specifically, Plaintiffs contend that even if the RICO claims are dismissed, the court may choose to exercise supplemental jurisdiction over the state law claims.  Plaintiffs further argue that this case has been pending for a year and "allowing Defendants to stay discovery at this late stage in the litigation imposes a great prejudice on . . . [Plaintiffs]" because the fact discovery cutoff is fast approaching.⁴

While it is true that this case has been pending for a year, it has only been pending in the District of Utah since June 17, 2009,⁵ and Plaintiffs only recently filed an amended complaint on September 18, 2009.⁶  The court agrees that discovery regarding this dispute will likely continue after a ruling on Defendants' motion for judgment on the pleadings.  However, it is not at all clear whether this court will retain jurisdiction or whether discovery will be necessary with regard to Plaintiffs' RICO claims.  If Judge Campbell dismisses Plaintiffs' RICO claims, it is likely that she will also decline to exercise supplemental jurisdiction over Plaintiffs' state law

---

³ *See* docket no. 48.

⁴ Docket no 68 at 16.

⁵ *See* docket no. 1.

⁶ *See* docket no. 26.

claims.  *See* 28 U.S.C. § 1367.  Requiring Defendants to engage in discovery on claims that may be dismissed, and in a court that may not retain jurisdiction, is untenable at this stage of the case.  Until this case finds a permanent venue, which may indeed be the District of Utah, the court concludes that staying discovery until after Judge Campbell issues a ruling is appropriate.

  Furthermore, the court does not believe that a brief stay of discovery pending the motion for judgment on the pleadings will unduly prejudice Defendants.  The motion before Judge Campbell is fully briefed[7] and set for a hearing in three weeks.[8]  Plaintiffs seem to imply that if this court grants Defendants' motion to stay, it is "prejudging" Defendants' motion for judgment on the pleadings and Defendants' yet-to-be-filed motion for remand.[9]  The court rejects both arguments.  The court is not "prejudging" Defendants' motion for judgment on the pleadings, it is merely exercising its discretion to stay discovery.  *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).  The court also notes that should Judge Campbell grant Defendants' motion for judgment on the pleadings, she may decline to exercise supplemental jurisdiction of Plaintiffs' state law claims *sua sponte*; she need not wait for a motion by Defendants to do so.

  Based on the foregoing, the court concludes that a stay of discovery is appropriate in this case.  Accordingly, Defendants' motion is **GRANTED**.  After Judge Campbell has ruled on

---

[7] *See* docket no. 73.

[8] *See* docket no. 63.

[9] Docket no. 68 at 12-15.

Defendants' motion for judgment on the pleadings and it is apparent that this court will retain jurisdiction, the parties may file an appropriate motion to amend the scheduling order.

**IT IS SO ORDERED.**

DATED this 9th day of February, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge