IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ENTYCE GROUP, LLC a Nevada Limited Liability Company, and TIMOTHY REYNDERS, an individual<br><br>      Plaintiffs,<br><br>vs.<br><br>MOON DANCE 2009, LLC, a Nevada Limited Liability Company, MARS CALLAHAN, an individual, DIMITRIOS DESLIS, an individual, PETER COUMAN, an individual, KENNETH GRISWOLD, an individual, MIMI KIM, an individual, AND HARRY O's ENTERTAINMENT GROUP, LLC, a Utah Limited Liability Company,<br><br>      Defendants. | ORDER<br><br><br><br>Case No. 2:09-cv-00548-TC |

  Plaintiffs Entyce Group, LLC and Timothy Reynders brought suit against Defendants for claims arising from an agreement for operation of Harry O's Nighclub during the Sundance Film Festival in January 2009.  On November 24, 2009, the clerk entered default against Defendants Kenneth Griswold and Mimi Kim, part owners of Harry O's Entertainment Group, LLC, which operates Harry O's Nightclub .  The only claim brought against the defaulting Defendants was for negligently allowing Defendants Peter Couman, Dimitrios Deslis, and Mars Callahan the opportunity to imprison, assault, and batter Mr. Reynders at Harry O's Nightclub.  The Plaintiffs brought an identical negligence claim against nondefaulting Defendant Harry O's Entertainment.

Upon entry of default, the court may enter default judgment against a defendant. Fed. R. Civ. P. 55. But the court will not enter default judgment if doing so creates a risk of inconsistent judgment against the remaining defendants. "[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." Hunt v. Inter-globe Energy, Inc., 770 F.2d 145, 147 (10th Cir. 1985) (quotations omitted); see also Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872). "[J]ust as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors." Id. at 147. As a result, the rule against imposing default judgment on less than all jointly liable defendants also extends to situations "where several defendants have closely related defenses." Wright, Miller & Kane § 2690 at 76; see also Green Oak Hedge Fund, Ltd. v. Hopkinson, No. 2:06-CV-636, 2008 U.S. Dist. LEXIS 2817 at * 11 (D. Utah January 14, 2008) (declining to enter default judgment "where the same transaction and factual allegations underlay many of the . . . claims [against remaining defendants]"); Zero Down Supply Chain Solutions v. Global Transp. Mgmt. Solutions, No. 2:07-cv-00400, 2010 U.S. Dist. LEXIS 10151 (D. Utah February 5, 2010).

To avoid the risk of inconsistent judgments, the court will not enter default judgment against defaulting Defendants until the negligence claim against Defendant Harry O's Entertainment Group and the assault, battery, false imprisonment, and intentional infliction of emotion distress claims against Defendants Mr. Couman, Mr. Deslis, and Mr. Callahan have been adjudicated. The court DENIES Plaintiffs' Application for Default Judgment by the Court (Dkt # 60).

DATED this 24th day of February, 2010.

                                                       BY THE COURT:

                                                       */s/ Tena Campbell*

                                                       TENA CAMPBELL
                                                       United States District Judge