IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ENTYCE GROUP, LLC a Nevada Limited Liability Company, and TIMOTHY REYNDERS, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>MOON DANCE 2009, LLC, a Nevada Limited Liability Company, MARS CALLAHAN, an individual, DIMITRIOS DESLIS, an individual, PETER COUMAN, an individual, KENNETH GRISWOLD, an individual, MIMI KIM, an individual, AND HARRY O's ENTERTAINMENT GROUP, LLC, a Utah Limited Liability Company,<br><br>Defendants. | ORDER and MEMORANDUM DECISION<br><br>Case No. 2:09-cv-00548-TC |

Plaintiffs Entyce Group, LLC and Timothy Reynders brought suit against Defendants for claims arising from an agreement for operation of Harry O's Nighclub during the Sundance Film Festival in January 2009. The basis for federal jurisdiction in this case rests on a claim that Defendants Moon Dance 2009, LLC (Moon Dance), Mars Callahan, Dimitrios Deslis, and Peter Couman (RICO Defendants) conspired to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1962. Defendants Moon Dance and Mars Callahan seek judgment on the pleadings on the RICO claims, arguing that the Plaintiffs' allegations do not support a violation of RICO.

The court agrees with Moon Dance and Mars Callahn and grants the motion for judgment on the pleadings.

## BACKGROUND

On December 30, 2008, Plaintiff Entyce Group entered into a contract (the Services Agreement) with Moon Dance and Mr. Callahan in which Entyce Group agreed to pay a fee to Moon Dance and Mr. Callahan in return for the right to manage and receive revenue from special events at Harry O's Nightclub during the 2009 Sundance Film Festival, January 15 through January 25, 2009 (the Festival Period). Plaintiffs claim that they relied on misrepresentations made by Mr. Callahan and Mr. Deslis when they decided to enter into the Services Agreement and that Moon Dance and Mr. Callahan breached the contract. Plaintiffs further claim that on January 24, 2009, Mr. Couman locked Mr. Reynders in a room called the "condominium," where Mr. Couman interrogated him about the Services Agreement, threatened him and his family, and physically assaulted him in attempt to collect money Mr. Couman claimed was due under the Services Agreement. Defendant Deslis allegedly facilitated this encounter by ensuring that nobody went into the "condominium" during the interrogation.

On January 30, 2009, Mr. Reynders and Entyce Group received a letter demanding $1,085,000 from an attorney representing Moon Dance and Mr. Callahan. This is the last interaction between Plaintiffs and Defendants alleged in the complaint. Plaintiffs allege that the RICO defendants engaged in a pattern of criminal activity that includes mail fraud, wire fraud, use of interstate facilities to conduct unlawful activity, extortion, and kidnapping.

## JUDGEMENT ON THE PLEADINGS STANDARD

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In order to survive a motion for judgment on the pleadings, "a complaint must include enough facts to state a claim to relief that is plausible

on its face." Corder v. Lewis Palmer Sch. Dist. No. 38, 566 F.3d 1219, 1223 (10th Cir. 2009) (internal quotations omitted). The court will only grant a motion for judgment on the pleadings "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff for relief." Fernandez v. Mora San Mugyek Elec. Coop., 462 F.3d 1244, 1250 (10th Cir. 2006).

ANALYSIS

"In order to bring a RICO claim, a plaintiff must allege a violation of 18 U.S.C. § 1962, which consists of four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) or racketeering activity." Gilmor v. Thomas, 490 F.3d 791, 797 (10th Cir. 2007). A pattern requires a relationship between the predicate racketeering activities and a threat of continuing activity. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. at 239. There is no question that the RICO Defendants' alleged predicate racketeering activities are related because they are all part of the same scheme to defraud the Plaintiffs. The central question is whether the acts were continuous.

A plaintiff can show continuing racketeering activity by establishing either closed-ended continuity, meaning the predicate acts were repeated over a closed period of time, or open-ended continuity, meaning that the predicate acts "by [their] nature project[] into the future with a threat of repetition." Id. at 241-42. While a single scheme can form the basis for a RICO claim, plaintiffs must still show that the scheme poses a continuing threat of criminal activity by demonstrating either closed-ended or open-ended continuity. See id. "[A] closed-ended series of predicate acts constituting a singe scheme . . . to accomplish a discrete goal . . . directed at a finite group of individuals . . . with no potential to extend to other persons or entities" is not continuous enough to satisfy RICO's pattern requirement. Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1556 (10th Cir. 1992) (internal quotations omitted). Both the Tenth Circuit

and this court have dismissed RICO claims that fit this description.  See, e.g., Duran v. Carris, 238 F.3d 1268, 1271 (10th Cir. 2001) (dismissing RICO claim even though defendants allegedly attempted to bribe and extort the plaintiff and threatened him with bodily injury and protracted litigation), Boone, 972 F.2d at 1555-56 (10th Cir. 1990) (finding no continuity to sustain a RICO claim where plaintiffs alleged racketeering activities perpetrated against the minority stockholders of a corporation over a period of twenty-three months), Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, (10th Cir. 1990) (dismissing RICO claims made based on a contractual dispute because the plaintiffs alleged nothing more than "a business deal gone sour"), Zero Down Supply Chain Solutions, Inc. v. Global Transp. Solutions, Inc., No. 2:07-CV-400, 2008 U.S. Dist. LEXIS 84722 (D. Utah, Oct. 17, 2008).

Here, Plaintiffs' claim involves a single scheme (the contractual relationship) to accomplish a discrete goal (fraud in connection with a nightclub operation) directed at a finite group of individuals (Mr. Reynders and Entyce Group) with no potential to extend to other persons or entities.  Plainitffs attempt to distinguish their claim based on the number of racketeering activities that took place during the short time the parties interacted and because Mr. Couman threatened continued harm to Mr. Reynders and his family if he did not pay the fee due under the Services Agreement.  But their arguments cannot change the fact that the entirety of the interaction between the parties related to the Services Agreement and victimized only the Plaintiffs, with no potential to victimize others.  This alleged wrongdoing cannot meet RICO's pattern requirement.  Because the RICO Defendants did not engage in a pattern of racketeering behavior sufficient to violate RICO, they also did not conspire to violate RICO under 18 U.S.C. § 1962(d).

The court GRANTS Defendants Moon Dance and Mars Callahan's Motion for Judgment on the Pleadings Re: RICO Claims (Dkt. No. 48).

DATED this 24th day of February, 2010.

                        BY THE COURT:

                        *Tena Campbell*

                        TENA CAMPBELL
                        United States District Judge