# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **ENTYCE GROUP, LLC, et al.,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | |
| v. | Case No. 2:09cv548 |
| **MOON DANCE 2009, LLC, et al.,** | Chief District Judge Tena Campbell |
| Defendants. | Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Entyce Group, LLC and Timothy Reynders's (collectively, "Plaintiffs") motion to compel Defendants Kenneth Griswold and Mimi Kim to provide a valid service address.[2] The court has carefully reviewed the motion and memoranda submitted by Plaintiffs, as well as the docket in this matter. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

Plaintiffs seek an order compelling Griswold and Kim to provide a valid service address. Plaintiffs contend that they attempted to serve Griswold and Kim on October 19, 2009, by

---

[1] *See* docket no. 67.

[2] *See* docket no. 95.

leaving summonses and copies of the amended complaint with an unidentified man at a residence located at 1847 Camino Palmero Street in Los Angeles, California ("Camino Palmero residence").[3] After Griswold and Kim failed to answer the complaint, Plaintiffs moved for entry of default,[4] which was granted by the clerk of the court.[5] Plaintiffs then filed a motion for entry of default judgment,[6] which was denied by Judge Campbell so as to avoid inconsistent judgments against the remaining defendants.[7]

On February 24, 2010, Griswold and Kim, through counsel, appeared specially without consenting to the jurisdiction of this court, in order to object to the clerk's entry of the default certificate against them.[8] Griswold and Kim argued that Plaintiffs failed to properly serve them and, therefore, this court lacks personal jurisdiction over them.[9] Specifically, Griswold and Kim asserted that on August 30, 2009, the Camino Palmero residence suffered an extensive fire and that no one has lived there since that time. Plaintiffs responded to the objection by asserting that service was properly effectuated.[10] Plaintiffs alternatively moved the court for an extension of

---

[3] *See* docket nos. 40 and 41.

[4] *See* docket no. 42.

[5] *See* docket no. 46.

[6] *See* docket no. 60.

[7] *See* docket no. 78.

[8] *See* docket no. 80.

[9] *See id.*

[10] *See* docket no. 91.

time in which to serve Griswold and Kim, in the event that Judge Campbell ruled that service was not effectuated.[11]

On March 17, 2010, Judge Campbell vacated the certificate of default and granted Plaintiffs' motion for an extension of time to serve Griswold and Kim.[12] While Judge Campbell allowed Plaintiffs a twenty-day extension of time after obtaining a valid service address for Griswold and Kim, she did not order Griswold and Kim to provide a valid service address as insinuated by Plaintiffs.[13]

This court does not have personal jurisdiction over Defendants Griswold and Kim because they have not been properly served; they appeared though counsel specially to object to the entry of default. *See Oklahoma Radio Ass'n v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party

---

[11] *See* docket no. 90.

[12] *See* docket no. 93.

[13] *See* docket no. 96 at 1 ("Plaintiffs respectfully request that the Court issue an order requiring Defendants to [provide a valid service address] in compliance with this Court's March 17, 2010 Order.").

served."). As such, the court will not order Griswold and Kim to provide a valid service address to Plaintiffs. Accordingly, Plaintiffs' motion is **DENIED**.

**IT IS SO ORDERED.**

DATED this 11th day of May, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge